IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CORINTHEUS J. GANT,

Petitioner,

v.

CHRIS BUESGEN,

Respondent.

OPINION and ORDER

21-cv-658-jdp

Petitioner Corintheus J. Gant has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his convictions for intimidating a witness and possessing a firearm as a felon. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which requires the court to evaluate whether the petition crosses "some threshold of plausibility." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

Using a form petition, Gant groups the petition into four grounds, but a closer review of the petition reveals several more claims:

(1) Gant was "denied his state created right to appeal."

(2) Counsel "refused to raise grounds to support [his] rights."

(3) Counsel "refused to obtain documents."

(4) Officers used false information to obtain a search warrant of Gant's residence.

(5) The prosecutor "made assertions" during the sentencing hearing that "undercut" his plea agreement.

(6) Counsel was ineffective for failing to argue that the prosecutor breached the plea agreement.

(7) The warrantless entry of his home was illegal.

(8) There was no factual basis for the witness intimidation counts.

A threshold problem with the petition is that Gant raised only the last two of his claims with the Wisconsin Court of Appeals. *See State v. Gant*, 2021 WI App 41, 962 N.W.2d 270. He didn't raise arguments about false information in the search warrant application, a breach of his plea agreement, or ineffective assistance of counsel. This is a problem because prisoners must exhaust their remedies in state court before filing a petition under § 2254. 28 U.S.C. § 2254(b)(1)(A). In Wisconsin, this includes filing an appeal in the Wisconsin Court of Appeals and a petition for review in the Wisconsin Supreme Court. *Jones v. Radtke*, No. 20-cv-1068-bbc, 2021 WL 354176, at *1 (W.D. Wis. Feb. 2, 2021).

Gant says that he didn't raise some of his claims because his counsel provided ineffective assistance. Ineffective assistance of counsel may excuse a failure to exhaust under some circumstances, but ineffective assistance is a separate claim that a prisoner is also required to pursue in state court before filing a federal habeas petition. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986). In Wisconsin, a claim for ineffective assistance of trial counsel must be presented through a motion for postconviction relief pursuant to Wis. Stat. § 974.02, § 974.06, or a petition for habeas corpus. Claims for ineffective assistance of postconviction counsel must also be filed with the trial court. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W. 2d 136 (Ct. App. 1996). Claims for ineffective assistance of appellate counsel must be filed in what is called a "*Knight* petition," which is a petition for a writ of habeas corpus with the Wisconsin Court of Appeals. *State v. Starks*, 2013 WI 69, ¶ 4, 349 Wis. 2d 274, 833 N.W.2d 146 (citing *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540, 544 (1992)). Gant doesn't say whether it was only his appellate counsel that failed to raise his unexhausted claims or whether it was a combination of his trial

2

counsel, postconviction counsel, and appellate counsel, so I cannot tell Gant which procedure or procedures applies to him.

The general rule is that a prisoner must bring all of his claims challenging a conviction in the same petition. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). So I cannot simply decide Gant's exhausted claims now and allow him to file a second petition later after he exhausts his state court remedies for his other claims. Rather, before I can consider the merits of any of Gant's claims, Gant will have to decide whether he wishes to either: (1) proceed with his exhausted claims now, with the understanding that he likely would not be able to raise the unexhausted claims in a second petition; or (2) wait to litigate his exhausted claims while he seeks relief in state court for his unexhausted claims.

ORDER

IT IS ORDERED that petitioner Corintheus Gant may have until June 21, 2022, to inform the court whether he wants to: (1) proceed with his exhausted claims now; or (2) wait to litigate all of his claims until he finishes exhausting his claims in state court. If Gant doesn't respond by June 21, 2022, I will construe his silence to mean that he wishes to finish exhausting his claims in state court, and I will dismiss the case without prejudice.

Entered May 31, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3