IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORINTHEUS J. GANT,

                                           Petitioner,

v.                                                    OPINION and ORDER

CHRIS BUESGEN,                                     21-cv-658-jdp

                                           Respondent.

---

Petitioner Corintheus J. Gant seeks relief under 28 U.S.C. § 2254, challenging his state convictions for intimidating a witness and possessing a firearm as a felon. In a previous order, I informed Gant that I could not screen his petition because he had not exhausted all of his claims in state court, as required by 28 U.S.C. § 2254(b)(1)(A). I directed Gant to make a choice: (1) proceed with his exhausted claims now, with the understanding that he likely would not be able to raise the unexhausted claims in a second petition; or (2) wait to litigate his exhausted claims while he seeks relief in state court for his unexhausted claims.

In his response, Gant says that he wishes to proceed with his exhausted claims only. Dkt. 4. So I will dismiss the unexhausted claims and screen the two claims that he presented to the Wisconsin Court of Appeals: (1) the warrantless entry of his home was illegal; and (2) there was no factual basis for his guilty plea to three of the witness intimidation counts.

Gant has not provided enough information to proceed on either of those claims. As for the illegal entry claim, Gant doesn't explain in his petition how the illegal entry shows that his conviction is invalid. But he argued to the Wisconsin Court of Appeals that the illegal entry led to the discovery of the firearm that was the basis for one of his convictions, so it should have been suppressed under the exclusionary rule. *State v. Gant*, 2021 WI App 41, ¶ 6, 2021

WL 1975199, at *1. That claim arises under the Fourth Amendment, and a prisoner generally can't raise Fourth Amendment claims in a habeas petition. *See Stone v. Powell*, 428 U.S. 465 (1976). This is because the primary purpose of the exclusionary rule is to prevent future Fourth Amendment violations, not to protect the rights of the defendant in the case at hand. *Id.* at 479, 492. There is a narrow exception to the general rule if the state failed to provide an opportunity for full and fair litigation of a Fourth Amendment claim. *Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007). This means that the petitioner had the ability to assert a Fourth Amendment claim, and the state court also applied the law and the facts in good faith. *See Monroe v. Davis*, 712 F.3d 1106, 1114–16 (7th Cir. 2013). This doesn't mean that the state court decided the motion to suppress correctly, only that the state court process was not a sham. *Id.* Gant doesn't address this issue in his petition.

As for the claim about Gant's plea, the first question is whether he asserted a federal claim in state court. The court of appeals discussed only a state-law claim related to the validity of Gant's plea, *Gant*, 2021 WI App 41, ¶¶ 25–30, 2021 WL 1975199, at *4, and federal courts can't review state-law determinations in a habeas petition, *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). Gant doesn't say whether he raised a federal claim in his state-court briefs.

The next question is whether Gant has plausibly alleged a federal claim. The Due Process clause "permits judges to accept guilty pleas from defendants who do not admit the factual basis of the charge against them, when the judge nonetheless has an adequate basis for finding that the defendant committed the crime." *Overstreet v. Wilson*, 686 F.3d 404, 407 (7th Cir. 2012). Gant doesn't explain what he means when he says that there was no factual basis for three of the charged counts. Gant's claim in the court of appeals was that "the complaint

used by the court for its factual basis only contained facts regarding one call to" the victim. Gant, 2021 WI App 41, at ¶ 25. The court rejected this contention under state law, reasoning as follows:

> [D]uring the plea colloquy, the trial court went over the details of the allegations for all of the counts, as well as the elements of those crimes. In response, Gant confirmed that he was admitting to all those elements, and that he was pleading guilty because he was actually guilty. Further details regarding the facts on which all four counts were based were provided by the State at the sentencing hearing. Additionally, Gant again admitted during his allocution at sentencing that he had made several calls to M.S.

*Id.* at ¶ 29. Gant doesn't allege in his petition that the court of appeals's description of the facts was wrong, and he doesn't allege that he didn't admit to facts during the plea hearing that would establish the factual basis for all of the charged counts.

Gant will have to file a supplemental petition before I can allow either of his claims to proceed. Specifically, Gant's supplement should address the following issues:

(1) whether he received a full and fair opportunity to raise his Fourth Amendment claim in state court, and, if he believes he didn't receive that opportunity, why he believes the court's decision was a sham;

(2) whether he asserted a claim in state court that his rights under the Due Process Clause were violated because the trial court didn't have a factual basis for accepting his plea on three counts of witness intimidation;

(3) whether he is disputing any of the facts in the court of appeals' opinion, and, if so, which facts is he disputing; and

(4) why he believes that the state trial court didn't have an adequate factual basis to accept his plea.

ORDER

IT IS ORDERED that petitioner Corintheus Gant may have until November 17, 2022, to file supplemental petition that addresses the issues identified in this opinion. If Gant fails to respond by then, I will dismiss the petition for Gant's failure to show that he is in custody in violation of federal law.

Entered October 27, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge