IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORINTHEUS J. GANT,

                                Petitioner,

v.                                                               OPINION and ORDER

CHRIS BUESGEN,                                              21-cv-658-jdp

                                Respondent.

---

Petitioner Corintheus J. Gant seeks relief under 28 U.S.C. § 2254, challenging his state convictions for intimidating a witness and possessing a firearm as a felon. He asserts two claims: (1) the warrantless entry of his home was illegal; and (2) there was no factual basis for his guilty plea to three of the four witness intimidation counts.

In a previous order, I informed Gant that he didn't provide enough information to proceed on either claim. The claim regarding entry into his home arose under the Fourth Amendment, and Fourth Amendment claims may be raised in a federal habeas petition only if the petitioner didn't have the opportunity to raise the issue in state court or if the state court proceedings were a "sham." *Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007); *Monroe v. Davis*, 712 F.3d 1106, 1114–16 (7th Cir. 2013). Gant didn't address this issue in his petition.

As for Gant's claim that the trial court didn't have a factual basis for accepting his plea, it wasn't clear whether he raised a federal claim on that issue in state court. The Wisconsin Court of Appeals discussed only a state-law claim related to the validity of Gant's plea, *see State v. Gant*, 2021 WI App 41, ¶¶ 25–30, 2021 WL 1975199, at *4, and federal courts can't review state-law determinations in a habeas petition, *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). Gant didn't say whether he raised a federal claim in his state-court briefs.

I gave Gant an opportunity to address both issues in a supplemental petition. His response shows that he isn't entitled to relief, so I will deny the petition.

As for the Fourth Amendment claim, Gant doesn't directly address the questions whether he had a fair opportunity to assert a Fourth Amendment claim and whether the state court proceedings were a sham. But I understand his argument to be that he didn't have a fair opportunity to dispute officers' allegations that his wife gave consent for the officers to enter his home because his lawyer failed to obtain the body camera video showing that his wife was not present at the time.

Gant's argument fails because the state didn't rely on consent in state court as a justification for the search, and neither the state trial court nor the court of appeals did either. In fact, the court of appeals acknowledged Gant's testimony that his wife didn't return to the house until after Gant was in custody, and the court did not say that the testimony was disputed by the state. *Gant*, 2021 WI App 41, ¶ 9. The trial court held that the search was justified as a protective sweep, *id.*, ¶ 10, and the court of appeals affirmed on the ground that the officers had obtained a search warrant by the time they found Gant's firearm, so the search "was sufficiently attenuated from any assumed illegal entry by the police," *id.*, ¶ 24; *see also Segura v. United States*, 468 U.S. 796, 805 (1984) ("[E]vidence is not to be excluded if the connection between the illegal police conduct and the discovery and seizure of the evidence is so attenuated as to dissipate the taint."). Consent was irrelevant to the analysis, and Gant doesn't challenge the facts or the reasoning that the court of appeals relied on. So I will dismiss the Fourth Amendment claim.

As for Gant's claim about the lack of a factual basis for his plea, his supplement focuses solely on state law. He doesn't contend that he raised a federal claim based on this issue in

state court. As I explained to Gant in the previous order, I cannot consider a claim based on state law, *Montgomery*, 90 F.3d at 1206, so I will dismiss this claim as well.

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because Gant has not made a substantial showing of a denial of a constitutional right, no certificate will issue.

## ORDER

IT IS ORDERED that:

1. Petitioner Corintheus J. Gant's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, is DENIED and this case is DISMISSED.

2. Gant is DENIED a certificate of appealability. If he wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered March 9, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge